UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SAMUEL OWOJORI INDIVIDUALLY AND ON BEHALF OF JEREMIAH OLADIMEJI OWOJORI AND PRINCE OWOJORI (DECEASED) | * | CIVIL ACTION NO.  16-0760 |
| VERSUS | * | MAG. JUDGE KAREN L. HAYES |
| GMH HOUSING, LLC, ET AL. | * | |

## MEMORANDUM RULING

Before the court[1] is a motion for leave to amend complaint [doc. # 20] filed by plaintiff Samuel Owojori, individually, and on behalf of Jeremiah O. Owojori and Ezekiel Owojori.  The motion is unopposed.  Following *sua sponte* review, however,[2] the undersigned finds that the court lacks antecedent subject matter jurisdiction.  Accordingly, dismissal is required and the motion for leave to amend is moot.  Fed.R.Civ.P. 12(h)(3).

## Background

On June 1, 2016, Samuel Owojori, a "citizen" of Nigeria and "resident" of Lagos, Nigeria, commenced the instant wrongful death and survival action, "individually and on behalf of" decedents, Jeremiah O. Owojori and *Prince* Owojori.  *See* Compl., Caption.   Plaintiff filed suit in federal court and asserted federal subject matter jurisdiction pursuant to 28 U.S.C. §§

---

[1]  With the consent of all parties, the District Court referred this matter to the undersigned magistrate judge for the conduct of all further proceedings and the entry of judgment, 28 U.S.C. § 636(c).  [doc. # 18].

[2]  *See* Feb. 10, 2017, Order [doc. # 22].

1343, 1367, and 1332. *Id*. Named defendants included GMH Housing L.L.C., a Louisiana "corporation," with its principal place of business in Louisiana, and XYZ Insurance Company. *Id*.

On June 28, 2016, Samuel Owojori amended the complaint: 1) to clarify that he was bringing suit, individually, and on behalf of Jeremiah O. Owojori and *Ezekiel* Owojori; 2) to join as additional plaintiff, Princeton Vallo,[3] both individually and on behalf of decedent, Prince Isaiah Holley; and 3) to join defendant, Gary Howell, the sole member of GMH Housing, L.L.C. (Amend. & Suppl. Compl. [doc. # 6]).

On August 26, 2016, defendants, GMH Housing, L.L.C. and Gary Howell filed a motion to dismiss for lack of subject matter jurisdiction, Fed.R.Civ.P. 12(b)(1). [doc. # 11]. In support of their motion, defendants argued that there was no federal question jurisdiction, and that plaintiffs failed to affirmatively allege diversity jurisdiction, and in particular, the citizenship of Princeton Vallo.

In response to defendants' motion to dismiss, plaintiffs filed a motion to voluntarily dismiss Princeton Vallo's claims, both individually and on behalf of Prince Isaiah Holley. [doc. # 13]. The court granted plaintiffs' motion, and denied defendants' motion to dismiss as moot. (Sept. 16, 2016, Judgment [doc. # 14]). On November 30, 2016, the Clerk of Court dismissed the fictitious defendant, XYZ Insurance Company for failure effect service. [doc. # 17].

On January 10, 2017, plaintiff filed the instant motion for leave of court to amend his complaint to join defendants' liability carrier, "Certain Underwriters at Lloyd's London

---

[3] Vallo invoked subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Subscribing to Policy Number LIBGL0201" ("Lloyd's of London").  [doc. # 20].  Despite their refusal to consent to the motion, defendants did not file an opposition, and the time to do so has lapsed.  (Notice of Motion Setting [doc. # 21]).  Accordingly, the motion is unopposed.  *Id*.

On February 10, 2017, however, the court *sua sponte* reviewed the matter to assure the sufficiency of plaintiff's jurisdictional allegations.  (Feb. 10, 2017, Order [doc. # 22]).  In so doing, the court discerned no basis for the exercise of subject matter jurisdiction via 28 U.S.C. §§ 1331 and/or 1343.  *Id*.  Therefore, the only plausible grounds for the exercise of federal subject matter jurisdiction rested in diversity, 28 U.S.C. § 1332, which requires, *inter alia*, complete diversity of citizenship between the parties.  *Id*.; *Patterson v. Patterson*, 808 F.2d 357 (5th Cir.1986) (there being no federal claim, there is jurisdiction only if the diversity of citizenship requirements of 28 U.S.C. § 1332 are met).

However, the court noted that plaintiff's allegations of citizenship were deficient in several respects.  *Id*.  Specifically, the court directed plaintiff to amend his complaint to allege the domicile/citizenship of defendant, Gary Howell, as well as plaintiff's own domicile, or alternatively, if he intended to proceed as the legal representative of the estate of the decedent(s), then the domicile of the decedents.  *Id*.  In addition, plaintiff's proposed amended complaint failed to properly allege the citizenship for Lloyd's of London because it did not identify the underwriters or Names of Lloyd's of London, or their citizenship.  *Id*.

The court accorded plaintiff 30 days to redress the foregoing jurisdictional deficiencies via amendment.  *Id*.  The court cautioned plaintiff that if he failed to so comply, or if subject matter jurisdiction was found to be lacking, then he risked dismissal.  *Id*.  The foregoing delay

has lapsed, without any response from plaintiff.

## Law and Analysis

Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

The court afforded plaintiff the opportunity to amend his pleadings to affirmatively allege and establish diversity jurisdiction. He was unable to do so. Thus, as the record now stands, the court is constrained to find that the court lacks subject matter jurisdiction to maintain this action. Dismissal is required. *See Patterson, supra*; *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates

dismissal."); Fed.R.Civ.P. 12(h)(3).[4] The motion for leave to amend [doc. # 20] is moot.

Judgment shall issue accordingly.

      In Chambers, at Monroe, Louisiana, this 22nd day of March 2017.

                                              KAREN L. HAYES
                                              UNITED STATES MAGISTRATE JUDGE

---

[4] The potential hardship imposed by dismissal is ameliorated by the court's appreciation that plaintiff had the opportunity to re-file this matter in state court during the delays associated with the court's February 10, 2017, order. Such a filing will help to ensure that the state court suit is not plagued by exceptions of prescription. See La. Civ. Code Art. 3462; *Breaux v. Vicknair*, 507 So.2d 1242 (La. 1987); *Woods v. State, Dept. of Health and Hospitals*, 992 So.2d 1050, 1055 (La. App. 1st Cir. 2008).
    Also, although it is unfortunate that the parties will have to undergo the trouble and expense of re-filing the existing pleadings in the state court suit, much of the discovery and work performed here should readily transfer to the state court proceeding.